IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LESTER, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-14-1046 |
| v. | : |
| | : (Judge Caldwell) |
| MR. ROSATO, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

On May 14, 2014, Richard Lester, an inmate presently confined at the Coal Township State Correctional Institution (SCI-Coal Township), in Coal Township, Pennsylvania, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, Compl.) On June 6, 2014, the court directed initial service of the Complaint on the five named defendants. (Doc. 8, Order). Defendants have yet to file an answer, or other response, to the Complaint.

This matter is before the court on Plaintiff's Motion to Amend his Complaint. (Doc. 10, Mot. to Amend). For the reasons that follow, Plaintiff's motion will be denied.

II. *Standard of Review*

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or

>  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
>  (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

III.     *Relevant Background*

Lester's Complaint relates a series of events that transpired in 2012 while housed at SCI-Frackville.  (Doc. 1, Compl.)  In March 2012, Lester claims he was forced to double cell with a mentally ill inmate who assaulted him.  He claims the defendants knew the inmate would hurt anyone he was housed with and knew the inmate had a "Z Code" status which indicated he was not cleared to have cellmates.  Regardless, even after Lester voiced his concerns, defendants ordered him to share a cell with the mentally ill inmate who was not supposed to be housed with other inmates.  A few weeks later, this inmate attacked Lester with a home made weapon.  Lester, a diabetic, required medical attention following the incident. (*Id.*, ECF pp. 3-4).

Next, also while housed at SCI-Frackville, on August 30, 2102, after returning from yard and in a low sugar state, Lester learned that an officer had taken his medically necessary diabetic bag.  When Lester went to find his bag, CO Montoya allegedly came up behind him and handcuffed his right wrist to the bars on the block office window and made sexual demands and advances towards him.  (*Id.*,

ECF p. 5). When other officers saw what CO Montoya was doing, they stopped him, and threw him a handcuff key to release Lester. Lester then returned to his cell. (*Id.*) Lester claims these events were in retaliation for his filing grievances concerning his inappropriate double celling with the mentally ill inmate. (*Id.*, ECF p. 6.) He also claims that his legal mail from his attorney was repeatedly opened outside of his presence. (*Id.*)

Lester's proposed amended complaint does not appear to be a complete all-inclusive complaint, as it does not mention any of the original SCI-Frackville defendants or allegations against them. Rather, the proposed amended complaint is strictly related to Lester's disagreement with the June 17, 2014, decision of the Pennsylvania Board of Probation and Parole to deny him parole and order that he serve his "unexpired maximum sentence, 11/24/2014." (Doc. 10, Mot. to Amend, ECF p. 3).

IV.   *Discussion*

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Rule 20 of the Federal Rules of Civil Procedure limits the joinder of defendants. Rule 20(a)(2) provides:

> *Defendants.* Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly,

> severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B).

Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy.  The policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007)(nonprecedential); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Here, upon examination of the claims against the defendants named in Lester's original complaint, the court finds that while Rule 18 would permit Lester to add even unrelated claims against an existing defendant, Rule 20 does not allow him to amend his Complaint to include new, unrelated claims against new defendants. Lester's new claims do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as the claims asserted in the Complaint, nor is there a question of law or fact common to all the defendants (those already in the case and the Board).  In short, Lester cannot meet the

requirements of Rule 20, and for this reason he will not be permitted to amend his Complaint.

        An appropriate order follows.

                                               /s/ William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge

Date: July 11, 2014